UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
**TACOMA DANIELS,**                          )
                                                          )
            **Plaintiff**                               )
                                                          )
**v.**                                                   )
                                                          )     **Civil Action No. 19-10623-DJC**
**JOSE VARELA, et al.,**                       )
                                                          )
            **Defendants.**                         )
_____)


<u>**MEMORANDUM AND ORDER**</u>

**CASPER, J.**                                                                    **September 9, 2020**


## I.       Introduction

Plaintiff Tacoma Daniels ("Daniels"), an inmate at Old Colony Correctional Center ("OCCC") in Massachusetts, brings this action against Defendants Jose Varela, a corrections officer at OCCC, Todd Baptista, a lieutenant at OCCC, Dimitros Mantalos, a sergeant at OCCC, Joseph Garretson, a sergeant at OCCC, Peter Pascucci, a captain at OCCC, Susan Thibault, Superintendent at OCCC, the Massachusetts Department of Corrections ("DOC"), (collectively, "DOC Defendants") as well as Defendants Despina Kiely, a nurse practitioner and CCS/Wellpath, health providers at OCCC, seeking equitable, declaratory and monetary relief for his claims that the Defendants violated his federal constitutional rights and DOC policies under 42 U.S.C. §1983. DOC Defendants have now moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the Court ALLOWS DOC Defendants' motion to dismiss with prejudice as to some claims and without prejudice to the remainder.

## II.      Standard of Review

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)).   To determine whether the factual allegations in the complaint are sufficient to survive a motion to dismiss, the Court "employ[s] a two-pronged approach."  Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011).  "The first prong is to identify the factual allegation and to identify statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory."  Id.  The second prong is to assess whether the factual allegations "'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. at 159 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009)).  If they do, "the claim has facial plausibility."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."  Soto-Torres, 654 F.3d at 159 (quoting Sepúlveda-Villarini v. Dep't. of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010)).  Moreover, a *pro se* plaintiff, like Daniels here, is entitled to a liberal reading of his allegations, no matter how unartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## III.     Factual Allegations

The following summary is based upon the factual allegations in the complaint, which the Court must, for the purposes of the DOC Defendants' motion to dismiss, accept as true.  Daniels is an inmate at OCCC.  D. 1 at 8.  On July 6, 2018, Defendant Jose Varela ("Varela") filed Disciplinary Report No. 415037 as a result of Daniels refusing his housing assignment and making

threatening statements to him.  D. 1-1 at 1.  This disciplinary report was eventually downgraded to an incident report on July 11, 2018.  Id.  On July 12, 2018, Daniels alleges that while he was housed in cell 143 in the Observation Unit ("OU"), Varela entered his cell and removed his cane.  D. 1 at 1, 8.  As of that date, Daniels did not have an active medical order for a cane.  D. 1 at 11, 31.  On this same day, Daniels reported Varela's removal of the cane to Defendant Todd Baptista ("Baptista") and was told that Baptista would look into it.  D. 1 at 13.  The next day, July 13, 2018, Daniels fell down the stairs in the OU and sustained injuries leading to his transfer to the Health Services Unit ("HSU").  D. 1 at 9.  On July 18, 2018, Daniels was reassigned to the OU despite his opposition.  D. 1 at 18.  Daniels proceeded to file grievances alleging staff misconduct and challenging the decision to reassign him to the OU as well as the medical treatment he received.  D. 1.  In response to these grievances, Superintendent Susan Thibault's office conducted two inquiries, No. 18-36 and 18-37,  both which concluded that Daniels' claims were unfounded.   D. 1-2 at 186, D. 1-3 at 2.

### IV.    Procedural History

On April 2, 2019, Daniels initiated this case, alleging violations of his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.  D.1.  Daniels also alleges that the DOC Defendants have violated DOC regulatory violations.  D. 1.  Daniels also alleges medical negligence, failure to provide adequate medical care as well as Fourteenth Amendment violations of due process and equal protection against Defendants Despina Kiely.  D. 1 at 97 *et seq*.  The medical negligence claims against Kiely have been transferred to a medical malpractice tribunal pursuant to M.G.L. c.231 §60B, D. 22, 52, and Kiely and CSC/Wellpath are not parties to DOC Defendants' motion to dismiss.

V.      **Discussion**

A.      <u>**Dismissal of the Complaint without Prejudice is Warranted**</u>

1.      *Improper Joinder*

DOC Defendants claim that the complaint improperly joins fifteen, unrelated claims against ten different defendants.  It is well established that a party may assert as many claims as it has against an opposing party, Fed. R. Civ. P. 18(a), provided that such claims are plausible as the DOC Defendants claim many of Daniels' claims here are not.   As to the joinder of multiple claims against multiple defendants, under Fed. R. Civ. P. 20(a)(2), in relevant part, defendants may be joined in a single action only where "any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction or occurrence or series of transactions or occurrences."  Although Daniels alleges that the genesis of his numerous claims arises from Varela's alleged confiscation of his cane, it is not clear that his sprawling morass of claims that allege not just deprivation of privacy (for confiscation of cane), cruel and unusual punishment (not just for the confiscation, but alleged, inadequate medical treatment after the confiscation), deprivation of due process (regarding his grievance regarding same as well as apparently other grievances) by various defendants at various points in time meets this standard. <u>Diaz v. Spencer</u>, No. 12-cv-2145-DPW, 2013 WL 1759013, *3 (D. Mass. 2013) (concluding that plaintiff's claims against DOC defendants, although involving some overlapping facts, "does not mean that his claims stemming from alleged inadequate medical care . . . and his claims for legal materials . . . involve the same transactions or occurrences") <u>and cases cited</u>.  Since the Court concludes, as discussed below, that the complaint does not meet the standard under Fed. R. Civ. P. 8(a) and dismisses it without prejudice on that basis, the Court does not dismiss for improper

joinder under Rule 20(a), but any singular, amended or future pleading may only involve claims and parties properly joined under Rule 20(a).

2.   *Complaint Fails to Meet Pleading Standard  under Fed. R. Civ. P. 8(a)(2)*

Even setting aside their challenge to improper joinder, DOC Defendants contend that Daniels fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2).  Rule 8 provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Phelps v. Local 0222, No. 09-CV-11218, 2010 WL 3342031, at *5 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quotations and citations omitted)).  If a plaintiff's complaint fails to comply with the "short and plain statement" requirement, a district court may dismiss it.  Kuehl v. Fed. Deposit Ins. Co. (FDIC), 8 F.3d 905, 908 (1st Cir. 1993).  "Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Miranda v. United States, 105 F. App'x 280, 281 (1st Cir. 2004) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)) (alteration in original) (internal quotation marks omitted).

Although keenly aware that the Court must construe a *pro se* pleading liberally, Strahan v. Coxe, 127 F.3d 155, 158 n.1 (1st Cir. 1997),  this is a case in which, even doing so, dismissal without prejudice is warranted. Daniels' 131-page complaint (which runs to 499 pages with exhibits) is, as DOC Defendants point out, a mix of factual allegations, arguments, legal conclusions and personal narrative, D. 46 at 8, from which it is difficult to discern the factual bases for his claims against any individual DOC defendant, and which claims are asserted against which

DOC defendants.  While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers . . . this cannot be taken to mean that pro se complaints are held to no standard at all."  Green v. Com. of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985).  That is, "the requirements of Rule 8(a)(2) are minimal–but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  "Although *pro se* pleadings are liberally construed, the burden is on [plaintiff] set forth plausible claims upon which relief may be granted and to provide sufficient notice to [defendants] of [his] claims." Ghazarian v. American Home Mortg. Serv. Wells Fargo, No. 11-cv-11277-PBS, 2013 WL 4411758, at *4 (D. Mass. July 18, 2013).  Since the Court cannot conclude that the complaint does so as to each of its claims as to each of the DOC Defendants, the Court dismisses the complaint without prejudice to amending in accordance with Rules 8 and 20 and this Order.

### B.   Certain of Claims are Dismissed with Prejudice

#### 1.   Any Claims for Damages Arising Under § 1983 Against DOC Defendants in Their Official Capacities

To the extent that the Court was able to discern some of Daniels' claims, some of them merit dismissal with prejudice since they are not legally cognizable.  The first of these claims are claims for damages under Section 1983 against any of the DOC Defendants in their official capacities.  "The Eleventh Amendment provides a state immunity from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State,'" including a "state's own citizens." Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 553 (1st Cir. 2018) (quoting U.S. Const. amend. XI); see Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (unless a State has "waived its Eleventh Amendment immunity or

Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought"). The Eleventh Amendment also extends to confer immunity from suit upon state officials acting in their official capacity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102 & n. 11 (1984). Moreover, a state and state officers sued in their official capacity, are not "persons" under Section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office); accord Hafer v. Melo, 502 U.S. 21, 25 (1991) (same). The claims asserted by Daniels for monetary relief from each of the DOC defendants for actions taken in their "official" capacity under Section 1983 are, therefore, not cognizable. Accordingly, the Court dismisses all claims against the DOC Defendants for monetary damages for actions taken in their official capacities under Section 1983 with prejudice.

2.     *Supervisory Claims under Section 1983 Against Thibault and Baptista*

To the extent that the Court is able to discern that some of claims against two of the DOC Defendants, Thibault and Baptista, is based upon their supervision of Varela, these claims are not legally sufficient. "[A] supervisor may not be held liable under section 1983 on the tort theory of *respondeat superior*, nor can a supervisor's section 1983 liability rest solely on his position of authority." Guadalupe-Báez v. Pesquera, 819 F.3d 509, 515 (1st Cir. 2016). Instead, a claim for supervisory liability under Section 1983 requires both that "the plaintiff must show that one of the supervisor's subordinates abridged the plaintiff's constitutional rights . . . [and] . . . the plaintiff must show that the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Id. (quotations and alterations omitted).

7

While Daniels alleges that he reported Varela's removal of his cane to Baptista, he fails to draw an affirmative link between alleged actions by Thibault and Baptista's response and Varela's removal of the cane.  D. 1 at 13. That is, even a liberal reading complaint does not provide a plausible factual basis demonstrating the requisite linkage between any alleged constitutional violation by a subordinate and any plausible encouragement, condonation, acquiescence or gross negligence by Thibault or Baptista as supervisors to such conduct.  Accordingly, the Court dismisses claims against these defendants for supervisory liability under Section 1983 with prejudice.

### 3.     All Claims Against the "Unit Management Team"

In the way that a state agency is not a "person" for the purpose of Section 1983, <u>McNeil v. State of Mass.</u>, No. 14-14370-DJC, 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014) and cases cited,  the same is true of any subdivision of same.  <u>Id.</u>  Moreover, there is no suggestion that the "Unit Management Team" has any separate "legal existence or liability to suit."   <u>Hammel v. Norfolk Cty. District Atty. Office</u>, No. 18-cv-10734-ADB, 2018 WL 3614138, at *3 (D. Mass. July 27, 2018).  Accordingly, to the extent that Daniels assert any claims against the "Unit Management Team" separate from any claims asserted against any individual DOC Defendants, the Court dismisses these claims with prejudice.

### 4.     Any Claims for 8th Amendment Violations Relating to the Confiscation of Daniels' Cane Against the DOC Defendants

Daniels' claim for cruel and unusual punishment under the Eighth Amendment arises from Varela's alleged removal of the cane the medical unit provided him from his cell, located on the second tier of the OU.  D.1. At the time Varela removed the cane from the cell, Daniels allegedly had undergone surgery on his right knee several weeks prior and was also "suffering from a grade 3 untreated torn ACL in the same right knee." D. 1 at 39.  Daniels claims to have had a cane since

he first arrived at OCC on October 19, 2017, and that Varela witnessed him "ambulating with [the] cane" since Daniels arrived at the facility.  D. 1 at 46.

To assert an Eighth Amendment violation, a plaintiff must allege "two prongs:  (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a showing of prison administrators' deliberate indifference to that need."  Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014).  "Deliberate indifference, in this sense, is a mental state akin to criminal recklessness."  Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005).  Even assuming *arguendo* that Daniels plausibly alleged a serious medical need (which DOC Defendants dispute), he has failed to allege the DOC Defendants' deliberate indifference to same.  Even as alleged by Daniels, his medical order for a cane had expired months before Varela's alleged removal of it from his cell.  D. 1 at 30.  Varela cannot be said to have been deliberately indifferent to Daniels' medical needs where his actions were not in contravention of medical directives regarding same.  See Costa v. Massachusetts P'ship for Corr. Healthcare, LLC, No. CV 17-12201-RGS, 2018 WL 3769823, at *2 (D. Mass. Aug. 8, 2018) (noting that prison officials are permitted to rely on the opinions of treating physicians and dismissing an Eighth Amendment claim against prison officials where plaintiff failed to demonstrate that they ignored medical judgment).  To the extent that Daniels assert an Eighth Amendment claim against Varela or any of the other DOC Defendants (apart for the supervisory claims against Thibault and Baptista already discussed and dismissed above), the Court dismisses these claims with prejudice.

5.    *Section 1983 Claims Based Upon Alleged Violations of DOC Policies*

In addition to his constitutional claims, Daniels also appears to assert claims under Section 1983 for violation of "DOC policy."  D. 1 at 125.  Such claims are not cognizable as only violations of federal law may give rise to Section 1983 claims.  Morales v. Saba, No. 15-cv-10732-RGS,

2016 WL 593493, at *14 (D. Mass. Feb. 12, 2016).  Accordingly, the Court denies any such claims against DOC Defendants with prejudice.[1]

## VI.    Conclusion

For the foregoing reasons, the Court ALLOWS DOC Defendants' motions to dismiss, D. 45, with prejudice as to (1) any constitutional claims for damages asserted under 28 U.S.C. § 1983 against the DOC Defendants in their official capacities; (2) any supervisory claims against Thibault and Baptista arising under 28 U.S.C. § 1983; (3) any claims against "the Unit Management team"; (4) any Eighth Amendment claims involving the confiscation of Daniels' cane against DOC Defendants; and (5) any claims under 28 U.S.C. § 1983 for violation of DOC policies.  Since the Court dismisses these claims against DOC Defendants with prejudice, they may not be asserted in any amended pleading.  The Court dismisses the remainder of claims against DOC Defendants without prejudice and such claims may be asserted in an amended pleading.  Such amended pleading must comply with Rule 8(a), Rule 20(a) and otherwise with the Rules of Civil Procedure and must identify the factual basis for any plausible claim against each defendant.  In other words, Daniels should set forth factual allegations  as to the who, what, when, where and why that he alleges plausibly give rise to his claims.  He should not assert multiple claims in a single count, but shall identify claim separately and, if such claim is asserted against multiple defendants, he shall allege the factual basis for the claim against each defendant.  Any such amended pleading shall be filed by October 9, 2020.

**So Ordered.**

---

[1] Although the DOC Defendants have challenged the merits of other of Daniels' claims, given the difficulty in discerning the factual basis for same in the complaint given the failure to comply with Rule 8(a), as noted above, and the Court's inability to conclude that it would be futile for Daniels to amend as to same under Fed. R. Civ. P. 15(a), the Court does not reach the other grounds for dismissal at this time.

<u>/s/ Denise J. Casper</u>
United States District Judge